## State of Vermont v. Rodney J. Kelley

[388 A.2d 379]

No. 298-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

Motions for Reargument and Stay Denied June 28, 1978

*J. Garvan Murtha* of *Kristensen, Cummings & Price,* Brattleboro, for Plaintiff.

*Rodney J. Kelley, pro se,* Brattleboro.

**Per Curiam.** In accordance with a plea agreement, the defendant entered pleas of nolo contendere to zoning ordinance violations contained in a 30-count information brought by the Dummerston Town Grand Juror. A judgment of guilty was entered upon the plea to each count, and the cause was continued for disposition pending satisfaction of the plea agreement. Subsequently, the district court decided that the defendant had not satisfied the terms of the plea agreement, and he was sentenced to pay a total fine of sixteen hundred dollars plus costs. At sentencing, the defendant orally moved to with-

draw his pleas and also moved to disqualify the presiding judge. Both motions were denied, and the defendant appeals.

■ In the plea agreement entered upon the record, the defendant agreed either to remove within 30 days one of two mobile homes from his property, the placement of which the Town claimed to be in violation of its zoning regulations, or to establish that there was at least one hundred and sixty thousand square feet of property owned by him on which the mobile homes were located. Upon compliance, the Town agreed that no fine should be imposed. At the suggestion of the court, the Town agreed that it would be satisfied if the town zoning administrator was furnished with a survey prepared by a registered surveyor or his certificate that the property contained the required footage.

The defendant contends that he has complied with his part of the agreement and the court erred in not allowing him to withdraw his pleas of nolo contendere and strike the judgments of guilty. The record does not support this argument. The plea agreement is unambiguous; it required a survey or a certificate from a competent surveyor. The memorandum upon which the defendant relies is not a survey or a certificate within the meaning of the plea agreement. It is simply a surveyor's written opinion as to the square footage encompassed in an unverified sketch given him by the defendant.

Contrary to the assertions made by the defendant in his brief and oral argument, we are convinced from the record that he did not comply with the plea agreement and so hold as a matter of law. The trial court was justified in imposing sentence. Furthermore, the defendant has not met his burden of showing that the court abused its discretion in denying his motion to withdraw his pleas of nolo contendere. See *State* v. *Scelza*, 134 Vt. 385, 359 A.2d 660 (1976).

We have also examined the defendant's claim of error in the denial of his motions for assignment of counsel and disqualification of the sentencing judge. Both are without merit. The defendant's motion made in this Court to disqualify counsel for the Town is denied.

■ During argument, counsel for the Town pointed to a discrepancy in the sentence which we correct here because

it is an obvious mistake. Although the Town alleged thirty-two violations of its ordinance, it charged the defendant in thirty counts. The court evidently intended to fine the defendant upon each count so the total fine should be fifteen hundred dollars instead of the total assessed, and the sentence is corrected accordingly.

*Fine reduced to fifteen hundred dollars and judgment affirmed as amended.*